Case 5:26-cv-00076   Document 5   Filed 01/26/26 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
January 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| ALEX JAVIER QUILUMBA COLLAGUAZO § § § | |
| VS. § | CIVIL ACTION NO. 5:26-cv-76 |
| § MARIO GARCIA *et al.* § | |

## ORDER

Before the Court is Petitioner Alex Javier Quilumba Collaguazo's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1).[1] For the reasons below, Petitioner's Writ of Habeas Corpus is **GRANTED IN PART** and **DENIED IN PART** (Dkt. No. 1).

## I. BACKGROUND

This case is among a rapidly increasing number before the Court challenging the federal government's new policy of mandatorily detaining all noncitizens charged with entering the United States without inspection.[2] Petitioner, an Ecuadorian citizen, entered the United States on December 4, 2023 (Dkt. No. 1 at 1, ¶ 1; 10, ¶ 44). Prior to his apprehension, he lived in Saint Paul, Minnesota (Dkt. No. 1 at 3, ¶ 8).

---

[1] The Petition names Mario Garcia, Juan Agudelo, Todd Lyons, Kristi Noem, U.S Department of Homeland Security, and U.S Immigration and Customs Enforcement, as respondents in this action. But the Warden, "the person who has custody over [Petitioner]" is generally the only properly named respondent. 28 U.S.C. §§ 2242, 2243; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." (citations omitted)).

However, it is the Court's understanding that Federal Respondents' position is that they have detention authority over aliens detained under Title 8 of the United States Code. Accordingly, the Court will not dismiss Federal Respondents at this time.

[2] To date, the Undersigned has already granted Petitioner's relief on the merits in over twenty-five cases.

1

On January 6, 2026, DHS went to Petitioner's home and detained him (Dkt. No. 1 at 11, ¶ 54). Presently, Petitioner is in ICE's custody at the Webb County Detention Center in Laredo, Texas[3] (Dkt. No. 1 at 1, ¶ 2; 3, ¶ 8). Respondents allege the Board of Immigration Appeals ("BIA") decision in *In re Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), renders Petitioner ineligible for bond (Dkt. No. 1 at 8, ¶¶ 34–35).[4] 29 I&N at 221.

On January 20, 2026, Petitioner filed this petition for a writ of habeas corpus, alleging he is entitled to a bond hearing, and challenging the administration's interpretation of 8 U.S.C. §§ 1225(b)(2), 1226 (*see* Dkt. No. 1). Given the circumstances, the Court resolves the issues without a hearing. *See* 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ *or* issue an order directing the respondent to show cause why the writ should not be granted, . . . ." (emphasis added)); *see also Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (a court need not hold a hearing if the habeas petition "raises only questions of law, or questions regarding the legal implications of undisputed facts"); *see also* Rule 4 of the Rules Governing Section 2254 Proceedings (the Court may order Respondents to take action following its review of a habeas petition); *see also* Rule 1(b) of the Rules

---

[3] *See* Online Detainee Locator System, U.S. Immigration and Customs Enforcement, available at https://locator.ice.gov/odls/#/search (last visited Jan. 25, 2026).

[4] In *Maldonado Bautista*, United States District Judge Sunshine Sykes certified a nationwide class under Federal Rule of Civil Procedure 23(b)(2) for aliens "who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *2 (C.D. Cal. Dec. 18, 2025) (defining class); *id.* at *29 (granting class certification). The court also granted the named petitioners' motion for partial summary judgment and found that class members are detained under § 1226 rather than § 1225. See id. at *12. The Court grants relief on the Petition alone. *See Guzman v. Bondi*, No. 1:25-CV-2055-RP, 2025 WL 3724465, at *6 (W.D. Tex. Dec. 23, 2025) (declining to consider the effect of Maldonado Bautista and deciding solely on statutory grounds).

Governing Section 2254 Proceedings (the Court may apply § 2254 rules to 28 U.S.C. § 2241 cases).

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus to a petitioner in federal custody in violation of the Constitution or federal law. Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001) (citations omitted), *superseded by statute on other grounds*, Real ID Act of 2005, H.R. 418, *as recognized in Nasrallah v. Barr*, 590 U.S. 573 (2020). Accordingly, challenges to immigration-related detention are within a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.  DISCUSSION

As a threshold matter, the exhaustion doctrine does not bar judicial review of this Petition. *See Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017) ("Unlike 28 U.S.C. § 2254, Section 2241's text does not require exhaustion."); *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (exhaustion is not required where a petitioner raises a claim that agency would clearly reject); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496 (S.D.N.Y. 2025) (exhaustion is not statutorily required and was excused given that available remedies provided no genuine opportunity for adequate relief and the petitioner raised a substantial constitutional question); *Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (exhaustion was not statutorily required under the circumstances and the issue of statutory interpretation belongs in the province of the courts).

Section 1225(b)(2)(A) mandates detention of undocumented aliens when the "examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country. In contrast, section 1226(a) offers discretionary detention for undocumented aliens who are present in the United States and eligible for removal. Under section 1226(a), "[t]he Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting § 1226(a)). "[T]he Attorney General 'may release' an alien detained under § 1226(a) 'on bond or conditional parole.'" *Id.* (citation modified). Importantly, "noncitizens detained under section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under section 1226(a) are entitled to a bond hearing before an IJ at any time before entry of a final removal order." *See, e.g.*, *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1306 (W.D. Wash. 2025). The Department of Homeland Security's "longstanding interpretation" is that section 1226 applies to aliens who crossed the border but are not immediately apprehended. *See Savane v. Francis*, 801 F. Supp. 3d 483, 489 (S.D.N.Y. 2025) (citing Tr. of Oral Argument at 44:24–45:2, *Biden v. Texas*, 597 U.S. 785 (2022) (No. 21-954)).

Moreover, in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Supreme Court described § 1226 as the "default rule" governing "an alien present in the country" pending their removal. 583 U.S. at 288. Indeed, *Jennings* plainly states: "§ 1226 applies to aliens already in the United States," thus undercutting Respondents' characterization of the statutory language at play. *Id.* at 303. The Court would be hard-pressed to classify Petitioner, who has resided in the United States for years, as an alien seeking admission both at the time he entered and now (Dkt. No. 1 at 1, ¶ 1; 10, ¶ 44). If the Court were to

4

adopt Respondents' position, that would effectively render § 1226(a) useless and run afoul of *Jennings*'s reasoning. *Echevarria v. Bondi*, No. CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *7–8 (D. Ariz. Oct. 3, 2025); *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097, at *3–4 (S.D. Tex. Oct. 8, 2025).

Many courts have grappled with this issue in the preceding months,[5] including the Southern District of Texas. For example, United States District Senior Judge Lee H. Rosenthal recently rendered a decision, succinctly concluding "that § 1226, not § 1225, applies to [petitioner's] detention." *Buenrostro-Mendez*, 2025 WL 2886346, at *3. Of course, this Court is not bound by Judge Rosenthal's decision. *Camreta v. Greene*, 563 U.S. 692, 701 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (citation omitted)). However, the Court nonetheless is persuaded by Judge Rosenthal's reasoning. Judge Rosenthal's opinion indicates a strong consensus amongst the district courts regarding the interpretation of sections 1225 and 1226. *Buenrostro-Mendez*, 2025 WL 2886346, at *3 (collecting cases); *see also Rodriguez*, 2025 WL 2782499, at *3 (noting the widespread agreement by district courts concluding "the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice"). Additionally, a Seventh Circuit panel recently held, based on a preliminary record, that the detention of non-citizens who are "unlawfully already in the United States" is

---

[5] In a hearing before United States District Judge John A. Kazen in *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, the Government declined to defend its position on this issue, stating "[g]iven the ruling in [*Buenrostro-Mendez*] your Honor, I am hesitant to argue our position vehemently before this court, and basically would rest on our brief" (Hr'g at 01:40:22–1:40:39). Respondents now advise that *Buenrostro-Mendez* is on appeal; however, they have not articulated any reason for the Court to reevaluate its position.

5

authorized by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b). *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-62 (7th Cir. 2025). Based on the abundance of cases[6] that have already addressed these arguments and the Government's apparent timid approach in the *Padron Covarrubias* matter, the Court declines to restate the in-depth analysis provided by these courts but stands in agreement. *Chogllo Chafla v. Scott*, No. 2:25-CV-00437, 2025 WL 2688541, at *5 (D. Me. Sep. 22, 2025) (describing the abundance of "persuasive" and "well-reasoned" opinions on this issue by district courts across the country).

Accordingly, the Court finds section 1226 applies to Petitioner's detention.[7] As found by nearly every other district court to address this issue, "the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three

---

[6] The Court is aware of four cases outside this district that went the other way: *Vargas Lopez v. Trump*, 802 F. Supp. 3d 1132 (D. Neb. 2025); *Chavez v. Noem*, 801 F. Supp. 3d. 1133 (S.D. Cal. 2025); *Garibay Robledo v. Noem*, 1:25-cv-177-H, slip. op. (N.D. Tex. Oct 24, 2025); and *Barrios Sandoval v. Acuna*, 6:25-cv-01467, 2025 WL 3048926 (W.D. La. Oct. 31, 2025). Additionally, this Court is aware of at least one district judge in the Southern District of Texas who recently held in Respondents' favor. *Cabanas*, 2025 WL 3171331, at *8. The Court is not compelled by these cases, and instead, finds that the weight of the authority plainly lies on the other side.

[7] Although Petitioner raises both statutory and constitutional grounds, the Court declines to decide the due process claims as the Court grants relief based on the applicability of section 1226(a) alone. *See Pizarro Reyes v. Raycraft*, No. 25-cv-12546 (RJW), 2025 WL 2609425, at *8 (E.D. Mich. Sep. 9, 2025).

Further, the Court declines to reach Petitioner's bond regulations and Administrative Procedure Act claims, as the Court grants relief on § 1226(a)'s applicability alone (*see* Dkt. No. 1 at 16–17). *See Mendoza-Menjivar v. Bondi*, No. 1:25-CV-2060-DAE, 2026 WL 89964, at *4 (W.D. Tex. Jan. 12, 2026) (Ezra, J.); *Jacobo v. Ripa*, No. 2:25-CV-1190-KCD-NPM, 2026 WL 145460, at *2 (M.D. Fla. Jan. 20, 2026) (citing *Pizarro Reyes*, 2025 WL 2609425, at *8). If Respondents do not provide Petitioner a bond hearing as ordered, he may renew his claims in a subsequent complaint. *Jacobo*, 2026 WL 145460, at *2.

Moreover, when a filing contains both habeas and non-habeas claims, the proper course is to bifurcate the matters and decide them separately. *Ndudzi v. Castro*, No. SA-20-CV-0492-JKP, 2020 WL 3317107, at *3 (W.D. Tex. June 18, 2020) (Pulliam, J.) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)). "But, as here, when a case has proceeded entirely as a habeas action to final resolution, there is no need to determine the substance or procedural viability of any non-habeas claim given the dispositive determination on the primary habeas issue presented." *Trujillo v. Noem*, No. 5:25-CV-1266-JKP, 2025 WL 3471572, at *6 (W.D. Tex. Nov. 24, 2025) (Pulliam, J.).

6

decades" make clear section 1226 applies here. *Buenrostro-Mendez*, 2025 WL 2886346, at *3.

## IV. CONCLUSION

Petitioner's Writ of Habeas Corpus (Dkt. No. 1) is **GRANTED IN PART** and **DENIED IN PART**. Respondents are **ORDERED** to provide Petitioner with a bond hearing pursuant to § 1226 no later than **February 2, 2026**. To the extent the Petition seeks Petitioner's release, it is **DENIED**. *See Jacobo*, 2026 WL 145460, at *1 (the district court is without authority to order immediate release when the appropriate relief is a bond hearing under § 1226(a)). Petitioner's Application for an Order to Show Cause in Support of Petition for Habeas Corpus (Dkt. No. 3) is **DENIED as MOOT**.

Petitioner's request for attorney's fees under the Equal Access to Justice Act (Dkt. No. 1 at 17, ¶ 9) is **DENIED** because such are unavailable for this habeas corpus proceeding. *See Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."); *Granados v. Noem*, No. SA-25-CA-01464-XR, 2025 WL 3296314, at *7 (W.D. Tex. Nov. 26, 2025) (Rodriguez, J.).

Although the Court is terminating the case, the parties are **ORDERED** to update the Court on the status of the bond hearing no later than **February 9, 2026**.

The Clerk of Court is **DIRECTED** to serve a copy of Petitioner's Writ of Habeas Corpus (Dkt. No. 1) and this Order on Respondents via certified mail return receipt requested at the following addresses:

> Mario Garcia
> Warden at the Webb County Detention Center
> 9998 S. Hwy 83
> Laredo, Texas 78046

>Juan Agudelo
>Field Office Director for Enforcement and Removal Operations
>1717 Zoy Street
>Harlingen, Texas 78552
>
>Todd Lyons
>Acting Director of Immigration and Customs Enforcement
>500 12th Street SW
>Washington, District of Columbia 20536
>
>Kristi Noem
>United States Secretary of Department of Homeland Security
>245 Murray Lane SW
>Mail Stop 0485
>Washington, District of Columbia 20528
>
>United States Department of Homeland Security
>245 Murray Lane SW
>Mail Stop 0485
>Washington, District of Columbia 20528
>
>U.S. Immigration and Customs Enforcement
>500 12th St., SW
>Washington, D.C. 20536

Pursuant to Federal Rule of Civil Procedure 4(i)(2), the Clerk of Court is **DIRECTED** to serve copies of Petitioner's Writ of Habeas Corpus (Dkt. No. 1) and this Order via certified mail return receipt requested on the following:

>United States Attorney
>Attention: Civil Process Clerk
>1000 Louisiana Street, Suite 2300
>Houston, Texas 77002

*See also* Rules 1(b), 12 of the Rules Governing Section 2254 Proceedings.

The Clerk of Court is also **DIRECTED** to electronically serve a courtesy copy of this Order on the Southern District of Texas's Civil Chief Daniel Hu at USATXS.CivilNotice@usdoj.gov.

The Clerk of Court is **DIRECTED** to **TERMINATE** this civil action. The Court will enter Final Judgment under separate cover. *See* Fed. R. Civ. P. 58(a).

It is so **ORDERED**.

**SIGNED** January 26, 2026.

*[signature]*
Marina Garcia Marmolejo
United States District Judge